**Francisco Buenaflor ROBLES, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–74513.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.**

Decided Sept. 22, 2004.

* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Evelyn Alfonso, San Mateo, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Oil, Benjamin Franklin, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM ***

Francisco Buenaflor Robles, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of the application for asylum and withholding of removal and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's finding that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. Since petitioner's business was robbed, and the robber was apprehended and prosecuted, and the business is now dissolved, and there is no evidence that the robbery occurred on account of petitioner's political opinion, substantial evidence supports the denial of asylum. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002) (holding that alien must show that the persecutors imputed a political opinion to him and that there was no

*** This disposition is not appropriate for publication and may not be cited to or by the

such evidence showing that guerrillas attacked alien's home based on political opinion).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999).

In addition, substantial evidence supports the BIA's denial of relief under CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon the issuance of the mandate.

### PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.